FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

2005 SP 26  AM 11:48

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD L. JACKSON, SR.,

        Plaintiff,

    -v-

DEPARTMENT OF VETERANS AFFAIRS,
SPEAKER, The United States House of
Representatives,
THE UNITED STATES SENATE,
STATE FARM INSURANCE COMPANIES
North Atlantic Office, and
UNITED STATES OF AMERICA,

        Defendants.

DECISION AND ORDER
05-CV-6466L(P)

---

    Plaintiff, proceeding *pro se*, has filed a complaint and paid the filing fee. For the reasons discussed below, the complaint is dismissed with prejudice.

    First, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances." *Fitzgerald v. First East Seventh Street Tenants Corp.* 221 F.3d 362, 364 (2d Cir. 2000). Here, plaintiff claims that all of the laws passed by Congress are unconstitutional, whenever any member of Congress was either a lawyer or an attorney. He argues that lawyers and attorneys are "officers of the court" and that "no person holding office under the United States shall be a member of either house [of Congress] during his continuance in office." Thus, any time a lawyer is a member of Congress, then the laws enacted by that Congress are unconstitutional -- including the laws regarding the Department of Veterans Affairs and the Social Security Administration.

Therefore, the Veterans Administration is unconstitutionally requiring plaintiff to make co-payments, and for taking part of his social security check as payment of the "co-payments."

Throughout his complaint, plaintiff makes allegations against the United States House of Representatives regarding what he sees as a failure to impeach the President, his views on the confirmation hearings for judicial nominees, and against all lawyers and attorneys as "agents" for the British, professional hate mongers, and racists. Plaintiff is seeking to have all lawyers and attorneys removed from Congress and to have any attorneys who are serving as Judges removed from the bench. He is seeking a billion dollars from the Department of Veterans Affairs.

Plaintiff combines these wide-swept allegations with his claim that the State Farm Insurance Companies entered into a conspiracy with lawyers and attorneys in order to racially discriminate against him. The basis for this claim is an on-going dispute that plaintiff has with Ricky's Garage regarding his 1989 Cadillac. Plaintiff commenced another action regarding the car, *Jackson v. Ricky's Garage, et al.*, Civil Docket No. 05-CV-6217T, which plaintiff voluntarily withdrew because the garage returned his car. Nevertheless, he now claims that the State Farm Insurance Company conspired with the garage to cover up damage to the car, and to have plaintiff pay for repairs that he did not authorize. He is seeking $2,600,000 from the State Farm Insurance Company.

Plaintiff's allegations clearly fall into the category of "factual frivolousness" for which *sua sponte* dismissal is appropriate. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Accordingly, the complaint is subject to dismissal despite the payment of the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.* 221 F.3d at 364.

Moreover, to the extent that plaintiff's allegations suggest any legal claim, such a claim regarding the repairs to his car would be raised in New York State court under state law. A U.S.

2

district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80, 2 L.Ed. 60 (1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988) (citations omitted).

While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case. Given the nature of plaintiff's allegations, permission to amend is unwarranted. The complaint is dismissed with prejudice.

## ORDER

IT HEREBY IS ORDERED, that the complaint is dismissed with prejudice;

FURTHER, as it appears defendants may have been served, the Clerk of the Court is directed to mail a copy of this decision to the defendants and to the United States Attorney's Office, 100 State Street, Room 620, Rochester, New York 14614; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: September 23, 2005
Rochester, New York